## Trammel Creek Oil & Gas Company v. Sarver, et al.

### (Decided February 9, 1923.)

### Appeal from Allen Circuit Court.

1.  Mines and Minerals—Lease—Abandonment—Cancellation.—A landowner is not entitled to a cancellation of an oil and gas lease which he executed upon his land for the term of five years on account of abandonment of the lands by the lessee where it is shown that the lessee within the first year of the term drilled two wells on the premises and was preparing to drill a third well at the time the landowner undertook to declare the lease invalid because of abandonment. ·

2.  Mines and Minerals—Lease—Operation—Forfeiture.—Where the lease contract requires the lessee to drill a well or wells within a given time or forfeit the lease, the drilling of a well or wells into the oil bearing sand will suffice to stay the forfeit of the lease; but it does not relieve the lessee from the payment of rentals until royalties are produced unless the contract otherwise provides.

3.  Mines and Minerals—Lease—Rent.—Unless it is specifically provided in the contract that a failure to pay rentals shall render the lease null and void no forfeiture will be declared. For the mere failure to pay rentals the landlord may have an action for the money due, not for a forfeiture.

HARPER & DENTON, R. P. and C. B. WILLIAMS for appellant.

GILLIAM & GILLIAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

This action was instituted by appellant, Trammel Creek Oil & Gas Company, against appellee Sarver, in the Allen circuit court, to remove a cloud from the title of appellant and to declare it the owner of a certain oil and gas lease on the lands of Sarver in Allen county. Issue being joined and evidence heard, the court denied the relief prayed by appellant company and dismissed its petition. Conceiving that this judgment is erroneous the oil company prosecutes this appeal.

It charges in its petition that it is the assignee of a certain oil and gas lease, of date November 12, 1918, granted by Sarver and wife to one Braswell on a tract of 160 acres of land in Allen county for a term of five years; that it entered upon the lease with the consent of appellees and proceeded to operate under the said lease contract within one year from the date of the lease and drilled two wells into and through the oil sands of that territory but neither of said wells produced oil. It further averred that it was prosecuting work upon the leasehold with due diligence and intended to drill other wells upon said property but that its well drilling contractor withdrew from its employ, taking his machinery away, against its will and without its consent; that appellees Sarver and wife were asserting title to the lease and claiming that the said lease had been forfeited and surrendered by appellant to appellees and were declining to allow appellant again enter upon the leasehold for the purpose of further development; that appellees were giving it out in speech that they intended to and were offering to give another lease upon their said land for oil and gas purposes in disregard of appellant's said contract. Appellees Sarver and wife by their answer admitted all of the said averments except that appellant was prosecuting the work with due diligence, and that it had not abandoned said lease. They pleaded affirmatively that appellant had moved its machinery from the lease and had abandoned it, and further it had failed to pay the rentals due under the lease contract within the time specified and by reason thereof said lease had lapsed and appellant company had no further rights under said contract.

The lease contract contains no forfeiture clause, but has a provision reading: "Lessee agrees to complete a well upon said premises within one year from this date or thereafter pay to lessors rentals as hereinafter provided until a well is completed or the property hereby granted is reconveyed to the lessor. . . . In the event a well has not been completed on the premises within one year from date hereof (unavoidable accidents and delays excepted) the lessee may thereafter pay a yearly rental of $200.00 payable in advance, until a well is completed." The evidence of appellee Sarver is to the effect that he and his wife executed the lease under consideration, on November 12, 1918, for a period of five years, and that

the said lease contained a provision requiring the lessee to complete a well upon said premises within one year from the date of the lease, and further that under said lease appellant company had entered and drilled two wells deep enough to and which did penetrate the oil bearing strata of that oil district but that neither of said wells produced oil, and both of which were completed within one year from the date of the lease. He further testified that he understood that the company was to drill three wells upon his lands and that when the second well was completed and was found to be dry the driller declared to him he was not going to drill any more on appellees' premises and was going to another lease and he thereafter moved his drilling machinery from the said premises and did not drill any more on said premises. This driller, however, was an independent contractor, not connected with the company in any way except to drill wells on the lease, and had no authority to speak for appellant company in the matter of surrendering or abandoning the lease. The president of the appellant company testified that he and his company desired the drillers to continue to drill upon the said premises and expected them to drill at least one more well, but that the said drillers left the premises without the company's consent. There is no conflict in the evidence on this point. Immediately after the drillers left the premises the president of appellant company had a conversation with appellee Sarver in which he told appellee Sarver that he desired to retain the lease and had not abandoned or surrendered it, but that the company expected to further develop the lease, and later the company tendered to appellee Sarver $200.00 as rental or delay money under the lease, but this tender was made after the expiration of the year. It, therefore, clearly appears that there was no abandonment by the company of the lease, even if the evidence of Sarver himself alone be considered.

Appellees insist, however, that the lease lapsed and became null on the failure of appellant company to pay the rentals stipulated in the contract. No provision of the contract is relied upon to support this contention, nor can there be one found in the contract that does support it. Instead of providing for a forfeiture of the lease for the non-payment of rentals, it is specifically provided in the contract that the lessee may, by paying a rental of

$200.00 continue the lease in force from year to year for a period of five years from the date of the lease. In other words, the contract manifests a purpose on the part of the contracting parties to continue the lease in force even after a failure to pay the rentals before or on their due date. Forfeitures are not favored in the law, and a lease contract which does not provide for a forfeiture will not be construed to give one. Of course, if the lease contract had provided that the rentals should be paid on a day certain, and if not so paid the lease should become null and void, the failure of the lessee to comply with the plain terms of the lease would have rendered the contract inoperative, and relieved the lessor from its obligation. But in this case where there is no such forfeiture provision the lessor cannot have a forfeiture for failure to pay the rentals upon the due date, nor unless they are unreasonably delayed; but he may have an action against the lessee for the rentals. Apparently appellant company is solvent and responsible for the rentals. At any rate within a few days after the end of the year appellant company tendered to appellee $200.00 in cash in discharge of the rentals which he declined to accept. He is entitled to these rentals. Having sought an injunction restraining appellant company from entering upon said land and operating for oil and being granted such relief by the court below, the appellant company was stayed from going upon the premises to operate for oil and gas, and not being able to operate the lease, the rentals were necessarily suspended from the date of the injunction.

For the reasons indicated the judgment is reversed for proceedings consistent herewith.

Judgment reversed.